NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KOFI OBENG-AMPONSAH, | No. 14-56593 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00635-GHK-PJW |
| v. | |
| RANDALL D. NAIMAN, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Kofi Obeng-Amponsah appeals pro se from the district court's judgment

dismissing his action alleging foreclosure related claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under the *Rooker-*

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, plaintiff's
request for oral argument set forth in the opening brief is denied.

*Feldman* doctrine. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). We affirm.

The district court properly dismissed plaintiff's action as barred by the *Rooker-Feldman* doctrine because it is a "forbidden de facto appeal" of state court decisions, and raises issues "inextricably intertwined" with those decisions. *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003) ("A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court did not abuse its discretion in denying plaintiff leave to amend his complaint because the jurisdictional defect could not be cured by amendment. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th

Cir. 2008) ("[T]he court need not extend the general rule that parties are allowed to amend their pleadings if amendment would be an exercise in futility" (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiff's requests set forth in his opening brief and pending requests for judicial notice are denied.

**AFFIRMED**.